IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEE ANDREW FOSTER,                                                                                           PLAINTIFF
ADC # 142627

v.                                            4:24CV00654-LPR-JTK

HUNTER B. WRIGHT, et al.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

Lee Andrew Foster ("Plaintiff") is in custody at the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983 (Doc. No. 2), as well as a Motion to Proceed In Forma Pauperis (Doc. No. 1), which the Court will grant by separate Order. The Court must screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**II.  Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Discussion

Plaintiff filed this § 1983 lawsuit against MSU Sergeants Hunter B. Wright and C. Jackson, Disciplinary Hearing Officer Rolanda R. Scruggs, Warden James Shipman, ADC Deputy Director William F. Straughn, ADC Director Dexter Payne, and unidentified Doe Defendants in their personal and official capacities. (Doc. No. 2 at 1-3).

Plaintiff's short statement of claim reads:

> On May 21, 2024, I received a disciplinary by Sgt. C. Jackson who handles disciplinaries. She would not allow me to enter evidence in order to have a defense or see the evidence allegedly against me. Sgt. H. Wright stated in my disciplinary that he had a positive urine sample, but would not allow me to view and/or possess the alleged confirmation of a positive urine sample. Then on May 28, 2024 at my disciplinary hearing, Disciplinary Officer Rolanda Scruggs would

> not allow me the opportunity to view any evidence, present any evidence, cross-examination, confrontation, documentary, physical evidence and would not show standards of proof or written dispositions. Then I had a negative urine sample that I tried to enter as a defense, but was denied by all Defendants. Then Sgt. C. Jackson would not allow me to appeal by denying me my appeal form. Disciplinary hearings are recorded and stored in EOMIS. Therefore, there is recorded footage of my disciplinary hearing on May 28, 2024 at 10:14 a.m. James Shipman failed to take corrective action at Unit level. William Straughn and Dexter Payne failed to take corrective action at final level. This shows a lack of training at the Disciplinary Hearing Administration and violates my constitutional rights. I was found guilty and sentenced to punitive segregation. That is false imprisonment. I was wrongfully convicted.

(Id. at 5) (cleaned up).

Plaintiff seeks damages and injunctive relief. (Id. at 6).

### A. Personal Capacity Claims

Plaintiff brings due process claims, corrective inaction claims, and failure to train claims. (Id. at 5).

#### 1. Due Process Claims

Plaintiff alleged the disciplinary proceedings against him violated his due process rights because he was not allowed to view evidence, present evidence, confront witnesses, or appeal his conviction, among other things. (Id. at 5). As explained below, Plaintiff's due process claims fail because no protected liberty interest is at play.

A prisoner has the right to procedural due process only when a protected liberty interest is at issue. Sandin v. Conner, 515 U.S. 472, 483–485 (1995). Prison conditions that do not amount to an atypical and significant hardship do not give rise to due process protection. Id. at 483-84. When bringing a due process claim, then, a prisoner must plead facts showing that his conditions of confinement were an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." Id. at 484.

3

Plaintiff pled no such facts—he pled only that he was sent to punitive segregation. But placement in punitive segregation, without more, does not establish an atypical and significant hardship on Plaintiff. Thornsberry v. Barden, 854 F. App'x 105 (8th Cir. 2021) (affirming preservice dismissal of inmate due process challenge of assignment to isolation) (citing, among others, Smith v. McKinney, 954 F.3d 1075, 1082 (8th Cir. 2020)); Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002). The alleged improprieties in Plaintiff's disciplinary hearing, then, do not implicate a protected liberty interest. Accordingly, Plaintiff's due process claim fails.

Plaintiff also alleged Defendant Jackson deprived Plaintiff of his right to appeal the disciplinary decision by denying Plaintiff an appeal form. But Plaintiff does not have a constitutional right to enforce compliance with MSU policies or procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

### 2. Corrective Inaction and Failure to Train Claims

Plaintiff alleged Defendants Shipman, Straughn, and Payne failed to take corrective action against the individuals involved in Plaintiff's disciplinary hearing. According to Plaintiff, this also indicated a failure to train. (Doc. No. 2 at 5).

A supervisor incurs liability only if he is personally involved in the constitutional violation, or when his corrective inaction or failure to train constitutes deliberate indifference to the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Sturgeon v. Faughn, 36 F.4th 804, 809 (8th Cir. 2022) (internal citations omitted); Perkins v. Hastings, 915 F.3d 512, 524 (8th Cir. 2019) (internal citation omitted).

Here, Plaintiff has not established an underlying constitutional violation. As such, Plaintiff's corrective inaction and failure to train claims fail.

### B. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages and injunctive relief. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity damages claims against Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Plaintiff also sought injunctive relief. The Eleventh Amendment does not bar prospective injunctive relief. Pursuant to Ex Parte Young, an individual may sue a state official in his official capacity for prospective injunctive relief to remedy ongoing violations of federal law. Ex Parte Young, 209 U.S. 123, 149-50 (1908). But again, Plaintiff has not established a violation of federal law, so his claims for injunctive relief also fail.

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

As mentioned above, Plaintiff may file objections to this Recommendation. If Plaintiff is aware of facts that he believes will establish a protected liberty interest was at stake, he may include those facts in any objection he wishes to file.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2.     The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 5th day of August, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."